```
UNITED STATES DISTRICT COURT
    DISTRICT OF SOUTH DAKOTA                           FILED
       SOUTHERN DIVISION
*************************************************** NOV 12 2009
```

|  |  |  |
|---|---|---|
| TRACY L. TROWER, | * | CIV. 09-4128 |
| Plaintiff, | * | |
| vs. | * | REPORT and RECOMMENDATION |
| WARDEN DOOLEY, Warden, South Dakota State Prison; ED LIGHTENBERG, Parole Executive, South Dakota State Prison; DEPT OF CORRECTIONS; S.D. PAROLE AND PARDONS, | * | |
| Defendants. | * | |

Plaintiff is an inmate at the South Dakota State Penitentiary (SDSP) in Sioux Falls, South Dakota. He filed this *pro se* civil rights law suit pursuant to 42 U.S.C. § 1983, seeking monetary relief and to have his 1990 sentence "overturned and removed" from his record. Plaintiff was granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915 on September 1, 2009. To date, Petitioner has paid $40 of the $350.00 filing fee. *See* Doc. 9.

The Court has, as it must, "screened" Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons more fully explained below, it is recommended to the District Court that Plaintiff's Complaint be dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

## BACKGROUND

Plaintiff filed this § 1983 lawsuit seeking redress for what he perceives as a wrongful re-classification of his 1990 conviction for sexual contact with a child as a "violent" crime. This claim was the subject of *State v. Trower*, 629 N.W.2d 594 (S.D. 2001), in which the South Dakota Supreme Court held that Plaintiff's 2000 conviction of possession of a firearm by a person convicted of a crime of violence violated the ex post facto clause. The Court noted that sexual contact with a child was not classified as a crime of violence in 1990 (the classification was changed in 1992 while Plaintiff was serving his sentence for sexual contact). Plaintiff's claim in this lawsuit appears to be that his punishment for the 1990 sexual contact crime was enhanced mid-sentence, and that he was subjected to a longer prison sentence for the sexual contact conviction because prison officials decided, during his prison term, that sexual contact with a child was a "violent" crime. Although his Complaint does not specify his cause of action is based on 42 U.S.C. § 1983, it is contained on

a form commonly used by prisoners for § 1983 claims.

## DISCUSSION

The Court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg by Rosenberg v. Crandell,* 56 F.3d 35, 36 (8th Cir. 1995). Also, "although liberally construed, a pro se complaint must contain specific facts supporting its conclusions." *Allen v. Purkett,* 5 F.3d 1151, 1153 (8th Cir. 1993)(citations omitted). A plaintiff "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965, (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart,* 755 F.2d 657, 663 (8th Cir. 1985). *Bell Atlantic* requires a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Id. at 1965. *See also, Abdullah v. Minnesota,* 2008 WL 283693 (Feb. 4, 2008) (citing *Bell Atlantic* noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory).

It has long been recognized that "civil rights pleadings should be construed liberally." *Frey v. City of Herculaneum,* 44 F. 3rd 667, 671 (8th Cir. 1995). The complaint, however, must at the very least contain facts which state a claim as a matter of law, and must not be conclusory. *Id.* Broad and conclusory statements unsupported by factual allegations are not sufficient. *Ellingburg v. King,* 490 F.2d 1270 (8th Cir. 1974). Finally, although *pro se* complaints are to be construed liberally, "they must still allege facts sufficient to support the claims advanced." *Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004). The Court is not required to supply additional facts for a *pro se* plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. *Id.* It is with these standards in mind that Plaintiff's Complaint is carefully considered.

### Plaintiff's Claim is Barred the Statute of Limitations

Plaintiff clearly states in Section II.D of his Complaint that the events which form basis of his cause of action "took place in 1990-1994." Giving Plaintiff the benefit of every doubt, he became aware of his cause of action at least by June 6, 2001, when the South Dakota Supreme Court decided that re-classifying the underlying offense violated the ex post facto clause. The statute of limitations for a cause of action based on 42 U.S.C. § 1983, however, is three years. *See* SDCL 15-2-15.2 which states "Any action brought under the federal civil rights statutes may be commenced only within three years after the alleged constitutional deprivation has occurred. This section is prospective in

2

application." The time for this bringing lawsuit, therefore, has long ago expired according to Plaintiff's own pleadings. For this reason, Plaintiff has failed to state a claim upon which relief may be granted.

**The Filing Fee**

If Plaintiff's suit had been allowed to proceed and he prevailed on the merits, he would have recovered the filing fee. Both the legislative history and the case law interpreting the Prison Litigation Reform Act, however, instruct that unsuccessful prison litigants, like any other litigants, do not get their filing fees back if their cases are dismissed. That Plaintiff's case is dismissed pursuant to the screening procedures of § 1915 does not negate his obligation to pay the fee. *In Re: Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997). The obligation to pay a filing fee accrues the moment a plaintiff files his Complaint with the Court, and it cannot be avoided merely because the case is eventually dismissed. *See also In Re: Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) (prisoner will be assessed full filing fee even if his case is dismissed because "the PRLA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). The filing fees paid, therefore, will not be refunded to the Plaintiff and he remains responsible for payment of the entirety of the fee.

## CONCLUSION, RECOMMENDATION AND ORDER

A careful review of Plaintiff's Complaint and the relief he seeks leads to the conclusion that his cause of action is barred by the applicable statute of limitations. It is therefore respectfully **RECOMMENDED** to the District Court that Plaintiff's Complaint be **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1). Therefore, it is **ORDERED**:

(1)  Plaintiff's filing fees will not be refunded;

(2)  It is **RECOMMENDED** to the District Court that Plaintiff's Complaint be **DISMISSED** with prejudice.

Dated this 12 day of November, 2009.

BY THE COURT:

John E. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, CLERK

By_____, Deputy

3

(SEAL)

## NOTICE TO PARTIES

The parties have ten (10) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

*Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990)
*Nash v. Black*, 781 F.2d 665 (8th Cir. 1986)